Filed 4/28/23  Marriage of Knight CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of BRIAN and REENA KNIGHT. | D080680 |
| BRIAN KNIGHT, Respondent, v. REENA KNIGHT, Appellant. | (Super. Ct. No. 18FL009961C) |

APPEAL from an order of the Superior Court of San Diego County, Jose S. Castillo, Judge.  Affirmed.

Antonyan Miranda, Anthony J. Boucek and Andrew Rosenberry for Appellant.

Bickford Blado & Botros and Andrew J. Botros for Respondent.

Reena Knight appeals the findings and order after hearing issued by the family court regarding her former husband Brian Knight's request for reimbursement after the parties' dissolution proceeding.  The court ordered Reena to reimburse Brian for half of a judgment he was ordered to pay

Reena's parents in a separate civil action for repayment of a loan to the former couple during their marriage, and half of the attorneys' fees he incurred in the civil action. The parties do not dispute that the original loan of $150,000 to them from Reena's parents represents a community obligation. Rather, the crux of this appeal is whether the $150,000 obligation was divided into two separate property obligations, for which each was separately responsible, before Brian's request for reimbursement.

Reena contends that this division occurred at some point during the civil lawsuit Reena's parents filed against Brian to recover half of the loaned money, and the trial court therefore erred in ordering Reena to reimburse Brian for half of the civil judgment he paid to Reena's parents from his separate funds as a result of that lawsuit, as well as half of the attorneys' fees he incurred during the civil lawsuit. Brian contends that the civil judgment remained a community obligation at the time the family court ruled on his request for reimbursement, and the family court thus properly granted the request. We agree with Brian and therefore affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Parties' Marriage and Dissolution Case*

Brian Knight and Reena Knight were married in 2006 and purchased a home in San Diego in 2009 (the marital residence). Around that same time, Reena's parents provided funds to Brian and Reena totaling $150,000, which were used for the down payment and to make certain improvements on the marital residence. Brian and Reena signed a written promissory note reflecting an obligation to repay the $150,000, plus specified interest, to Reena's parents.

2

The parties separated in June 2018. Their marital status was terminated in May 2019, and a dissolution trial was held in September 2019.

In June 2019, Reena's parents filed a civil lawsuit against Brian for repayment on the promissory note Brian and Reena had executed in their favor, seeking a judgment in the amount of $75,000 plus interest. (*Gupta v. Knight* (Super. Ct. San Diego County, 2021, No. 37-2019-00033648-CU-BC-CTL) (the civil case).) Reena's parents did not name her as a defendant in the civil case.

B. *Dissolution Judgment and Family Court Reservation of Jurisdiction*

In December 2020, the family court[1] entered judgment on reserved issues (the dissolution judgment) after a trial was held in the dissolution case. The dissolution judgment awarded the parties' marital residence to Reena and directed her to pay Brian an amount that represented half of the acquired equity in the marital residence, which the family court determined was community property.

The dissolution judgment referenced the pending civil case between Brian and Reena's parents and noted that Reena's parents had not been joined to the dissolution case. Accordingly, the family court reserved jurisdiction as to the issue of the promissory note, explaining that after the civil case concluded, the family court would "determine the community nature of any obligation that may arise from the civil case, including, but not limited to, principal, interest, and/or attorney's fees owed by either party."

---

[1] To avoid confusion, we refer to the trial court that presided over the parties' dissolution case as the family court and to the trial court that presided over the civil case as the civil court.

3

C. *Civil Case Judgment*

In April 2021, the trial court in the civil lawsuit filed by Reena's parents against Brian found in favor of plaintiffs and against Brian, concluding that the $150,00 promissory note was a loan, not a gift as Brian had contended. The civil court found in favor of Brian, however, on his statute of limitations defense, determining that all interest accrued prior to June 28, 2015 was time barred. The civil court then stated: "There is little doubt in my mind that this is a – this was a community property obligation. . . . Ultimately, Mr. Knight will only be responsible for one-half of the principal and one-half of the interest payments. The other half will be borne or allocated, if you will, by Ms. Knight."

At this point, the civil court paused, stating to counsel: "Folks, I can make all of the additional findings and save you a trip back to Family court or I can stop my analysis at this point in time and you can go back to Family court and let your judge in Family decide what to do. What do you want me to do?" Counsel for Reena's parents responded: "I don't think we have a choice, Your Honor. I think the Family court's already ruled on that and reserved its own jurisdiction. Can you overrule that?" The civil court responded: "I cannot overrule a call in Family. So again, it's real easy for me to imagine Mr. Knight going into a Family court department and asking that he be relieved of one-half of the principal and all of the interest payments or obligation that would have accrued from June 28th, '015 to present. However, I think I'm hearing you say I should stop." Counsel for Reena's parents replied: "No, no, I don't think so. I just . . . was wondering if you even had the jurisdiction to do it. If you have the jurisdiction. . . . I will stipulate." Counsel for Brian stated: "We're ready for you to move forward."

The civil court went on to state that the $150,000 loan was a community property obligation and that Brian was "entitled to a 50 percent offset in the principal and . . . 50 percent of all interest payments accrued." Counsel for Brian then clarified for the court that the complaint only sought one-half of the promissory note amount and asked whether the court's calculations were based on the $150,000 figure or the $75,000 figure. The civil court responded: "You're correct. I saw the 150- in the body of the complaint, but the prayer limits it to 75-." The court continued, speaking directly to counsel for Brian: "I agree . . . that plaintiff is limited to what they asked for in the complaint. But again, we're going to get there no matter what. Your client is not going to be obligated for more than his share of one-half of the – or his share of the one-half of the principal, which is 75-. All right?" Counsel for Reena's parents then asked: "So, in essence, the judgment is 75,000 plus 5 percent interest from June 28, 2015 until the judgment is issued; right?" The civil court replied: "Yeah, and then you don't have to get into the offset part." The court directed counsel for Reena's parents to prepare a judgment reflecting the court's findings and orders.

In May 2021, the civil court signed the civil judgment, which provides: "1. The Court finds that the underlying transaction was a loan and not a gift. [¶] 2. Plaintiff is the prevailing party. [¶] 3. The Court finds that defendant is liable for one-half of the principal sum of $150,000.00 due under the note, and one half of the interest calculated at the contract rate of five percent (5%) from and after June 28, 2015." The judgment further states: "IT IS ORDERED AND ADJUDGED that ISHWAR C. GUPTA and MADHU GUPTA do have and recover from defendant BRIAN S. KNIGHT, the following sums: [¶] Principal: $75,000.00 (1/2 of $150,000 principal due on note) [¶] Interest: $21,474.57 (1/2 of interest on $150,000 @ 5% from

5

6/28/15 - 3/19/21)  [¶]  Costs:  $1,333.45 (Per memo to filed [*sic*] with judgment)  [¶]  TOTAL JUDGMENT:  $97,808.02."

In June 2021, Brian and Reena's parents filed an acknowledgment of satisfaction of judgment in the civil case showing that Brian had paid the judgment in full.

D. *Motion for Reimbursement in Family Court*

In July 2021, Brian filed a request for order (RFO) with the family court seeking an order requiring Reena to reimburse him for one-half of the civil judgment paid to Reena's parents and one-half of all legal expenses incurred as a result of the civil case.  Brian argued that the family court had reserved jurisdiction to determine the community nature of the promissory note and any resulting obligation, the civil judgment was in fact a community obligation, Brian had used his separate funds to pay the community debt and incurred attorneys' fees to defend the community, and he should therefore be reimbursed for one-half of the judgment and his fees.

Reena opposed Brian's RFO, filing a responsive declaration stating that she had made an agreement with her father, before the civil case trial and based on unspecified "interest calculations," that she owed him $140,000 under the promissory note.  She further declared that a document attached to her declaration, which showed a summary of account activity from an unspecified Bank of America account, came from her father's bank account and showed the transfers she had made to him.  Reena stated:  "According to the attached, I have made $148,000 in payments."  Reena further declared that the civil court had ordered Brian to pay one-half of the amount due under the promissory note, "recognizing" that Reena would be responsible for the other half.

6

E. *Motion for Reimbursement Hearing and Order After Hearing*

At the hearing in February 2022, the family court provided its tentative ruling to the parties, stating that it had carefully reviewed the records and declarations, the civil judgment, the transcript from the civil trial, and the memorandum of points and authorities filed by Brian's counsel, which the court found to be persuasive. The court then advised that its tentative was to follow the analysis of Brian's brief with some modifications, meaning that the court would rule that the amount in dispute was community property and "that the community is responsible for splitting it half and half," which "would include splitting the attorney's fees incurred defending the community at the time."

Counsel for Brian proposed to submit on the tentative ruling, subject to rebutting argument by counsel for Reena, and requested to admit Brian's two declarations, filed in support of his RFO, into evidence. Counsel for both parties then argued their interpretations of the civil trial and civil judgment. Counsel for Reena then requested that Reena be permitted to testify regarding the payments she claimed to have made to her father on the promissory note, which the family court allowed.

Reena testified that she submitted a responsive declaration with exhibits reflecting the payments she made to her father for her half of the amount owed on the promissory note. After Reena's testimony, her declaration was admitted into evidence. Counsel for both parties then gave closing arguments and responded to questions from the family court.

At the conclusion of the hearing, the family court issued its ruling, stating that it had considered the testimony that was presented, the arguments of counsel, and the evidence submitted, and that it stood by its tentative ruling. The family court adopted the analysis of Brian's

7

memorandum of points and authorities submitted in support of his RFO. It found that the debt owed to Reena's parents was community in nature, the community was responsible for the payment, and Brian and Reena each bore responsibility for half of that amount. The family court also concluded that the community was responsible for the attorneys' fees spent in defending the civil case and that Brian had spent his separate funds defending the community interest. The court further found unpersuasive Reena's argument that she had continued to separately pay her father on the promissory note. Accordingly, the court concluded that Brian was entitled to reimbursement for half of the payment as well as half of the attorneys' fees he had incurred.

Reena timely filed this appeal challenging the family court's findings and order after hearing.

## DISCUSSION

Reena contends that the family court erred in several different ways when it granted Brian's request for reimbursement. Specifically, she argues that (1) the family court's order exceeded its express reservation of jurisdiction, (2) the family court erred in treating the civil judgment as a community obligation because it had already been divided into two separate property obligations, (3) the order unfairly results in the assignment of three-quarters of the community obligation to Reena and is further prejudicial to Reena because there was no benefit to the community, and (4) Brian should have been estopped from seeking reimbursement because he failed to join Reena in the civil case. We address each argument in turn and find each without merit.

A. *Standard of Review and Legal Principles*

We apply different standards of review to the different questions raised on appeal. First, we review de novo the issue presented by Reena as to

whether the family court acted in excess of its jurisdiction, which is a legal question. (*Robbins v. Foothill Nissan* (1994) 22 Cal.App.4th 1769, 1774.) Though there are certain facts in dispute here, the procedural facts appear to be undisputed. And where resolution of an issue "requires a critical consideration, in a factual context, of legal principles and their underlying values," the issue is a mixed question of law and fact in which legal issues predominate, and de novo review applies. (*In re Marriage of Brandes* (2015) 239 Cal.App.4th 1461, 1472 (*Brandes*), internal quotation marks omitted.)

Second, we review a trial court's ruling characterizing a particular debt as a community obligation to determine whether substantial evidence supports the finding. (*Brandes, supra*, 239 Cal.App.4th at p. 1472.) Our review of the trial court's decision is " 'limited to a determination whether there is any substantial evidence, contradicted or uncontradicted, that supports the finding. [Citation.] In so reviewing, all conflicts must be resolved in favor of [the prevailing party] and all legitimate and reasonable inferences must be indulged to uphold the finding.' " (*Ibid.*, quoting *McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 356.)

Finally, under the Supreme Court's ruling in *In re Marriage of Epstein* (1979) 24 Cal.3d 76, 84–85 (*Epstein*), a spouse who uses separate property funds after the date of separation to pay community debts is entitled to be reimbursed by the community. (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 302, fn. 1 (*Oliverez*).) These reimbursements are commonly referred to as *Epstein* credits. (*In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1010, fn. 2.) We review the family court's decision to award *Epstein* credits for abuse of discretion. (*Oliverez¸* at pp. 318–320.) In reviewing the decision, "we do not replace the court's exercise of discretion with our own by accepting evidence the court rejected; we are required to

9

uphold the judgment if any substantial evidence supports the court's decision, without consideration of whether there also exists substantial evidence to support [the opposing] position." (*Id*. at p. 319.)

B. *The Family Court Acted Within the Scope of Its Jurisdiction*

Reena contends that the family court acted in excess of its jurisdiction when it granted Brian's request for order awarding reimbursement of one-half of the civil judgment and one-half of his attorneys' fees. Brian responds that the family court reserved jurisdiction to determine the community nature of any obligation arising from the civil case, and his request for reimbursement was an obligation that arose from the civil case. We agree with Brian.

Under Family Code section 2556, a trial court has continuing jurisdiction to award to the parties any community assets or liabilities that have not been previously adjudicated. Here, the liability resulting from the civil judgment had not yet been adjudicated because the case had not concluded at the time the dissolution judgment was issued, so the family court had continuing jurisdiction to adjudicate the issue of the civil judgment. Indeed, the family court specifically included a section regarding the promissory note from Reena's parents in the dissolution judgment, stating as follows: "The Court acknowledges the pending nature of the civil case between [Reena]'s parents and [Brian] (*Gupta v. Knight*). The Court acknowledges that [Reena]'s parents have not been joined to this dissolution case. As such, *the Court has reserved jurisdiction as to the issue of the promissory note. After the civil case has concluded, *the Court has reserved jurisdiction to determine the community nature of any obligation that may arise from the civil case, including*, but not limited to, *principal, interest, and/or attorney's fees* owed by either party." (Italics added.) The family

10

court therefore properly reserved jurisdiction to determine how to characterize and divide the civil judgment and related attorneys' fees.

Reena argues that the civil court assigned the civil judgment as Brian's separate property obligation, and there was therefore "no 'community nature of any obligation' resulting" from the civil case for the family court to divide. But the family court's "broad jurisdictional authority where the right to and disposition of community property are concerned," along with its specific reservation of jurisdiction on the promissory note issue, means that it was for that court to determine whether the judgment resulting from the civil case was community or separate property in the first instance. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1450 (*Glade*).) "[W]hen a dissolution proceeding is pending in the family court, another department of the superior court may not act so as to interfere with the family court's exercise of its powers in that proceeding." (*Dale v. Dale* (1998) 66 Cal.App.4th 1172, 1183; see also *Glade*, at p. 1454 [where a " 'family law court acquires jurisdiction to divide community property in a dissolution action, no other department of a superior court may make an order adversely affecting that division' "].) Here, the parties' dissolution proceeding preceded the civil case and was still pending in the family court at the time the civil judgment was entered, as the family court had reserved jurisdiction to determine whether any obligation arising from the civil case was community in nature.

Reena seeks to avoid this conclusion by arguing that Brian waived the family court's reservation of jurisdiction and expressly stipulated to the civil court's determination of all issues relating to the promissory note. As we explain in more detail below, however, the record does not support her argument. Accordingly, we find that the family court acted within the scope

11

of its jurisdiction in determining the community nature of the civil judgment and ruling on Brian's request for reimbursement.

C. *Substantial Evidence Supports the Family Court's Finding That the Civil Judgment Was a Community Obligation*

The parties agree that the $150,000 promissory note was a community obligation, but they dispute whether the civil judgment resulted in the division of that obligation. Reena makes the same argument she repeats throughout her briefing under different headings: the civil judgment represents Brian's separate property obligation, and he is thus not entitled to reimbursement. She contends that Brian stipulated to the civil court's jurisdiction, and the court's comments indicated that it intended to divide the debt and assign the entirety of the civil judgment to Brian as his separate property obligation. She further argues that the civil judgment expressly assigns one-half of the $150,000 community obligation to Reena and one-half to Brian as their respective separate property obligations. According to Reena, the family court therefore erred in characterizing the civil judgment as a community obligation rather than Brian's separate property obligation.

We remain unpersuaded. As an initial matter, even if it were clear from the record that the civil court intended to divide the community obligation into two separate property obligations, it lacked the authority to do so under these circumstances. (See *Glade*, *supra*, 38 Cal.App.4th at p. 1455.) As we have explained, the family court already had subject matter jurisdiction to characterize and divide the community property, and once a "family law court acquires jurisdiction to divide community property in a dissolution action, no other department of a superior court may make an order adversely affecting that division." (*Id.* at p. 1454, quoting *Askew v. Askew* (1994) 22 Cal.App.4th 942, 961.) Reena was not party to the civil case, so the civil court had no personal jurisdiction over her or subject matter

12

jurisdiction over the community estate, and Brian could not unilaterally waive the family court's reservation of jurisdiction.[2]

Even assuming Brian could waive the family court's reservation of jurisdiction and stipulate to the civil court deciding all issues necessarily reserved to the family court, as Reena claims, it is not clear from the record that this is what occurred. Reena relies on the fact that Brian's trial counsel explained in closing to the civil court that the family court judgment provided that the civil court was to decide the issue of whether the promissory note was a loan or a gift and, once the civil court made that determination, "it goes back to the Family court for the court to decide if – whatever you decide, if that is going to be a community obligation or – or not." This is in fact what happened and is precisely what the family court intended in reserving jurisdiction to determine the community nature of any obligation arising from the civil case.

The oral proceedings are similarly ambiguous in terms of whether the civil court intended to make a final determination as to the community nature of the promissory note and judgment. Although the civil court initially stated on the record that it could make "additional findings" and "save [the parties] a trip back to Family court," it later seemed to realize that the civil complaint's prayer of relief was limited to $75,000 plus interest, rather than the full amount owed on the promissory note. The civil court then explained that Brian would "not . . . be obligated for more than his share of one-half of the – or his share of the one-half of the principal, which is 75-."

<hr />

2      These same principles compel us to reject Reena's related argument, styled under a separate heading in her opening brief, that the family court's findings and order after hearing is an "impermissible infringement" on the civil judgment.

13

The court never expressly stated that it was making a final determination regarding the characterization and division of the community debt.

More importantly, it is the final written judgment—not the civil court's oral musings on the record—that is controlling. (See *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 756, fn. 1 [to the extent the "court's oral pronouncement differ[s] from its written order, the written order controls"].) The civil judgment makes no determination as to whether the promissory note or judgment itself constitutes a community obligation. Nor does it state that any community obligation has been divided into two separate property obligations, as Reena claims. Rather, it provides that Brian is liable for one-half of the principal sum of $150,000 due under the promissory note, as well as one-half of the interest calculated at the rate of five percent beginning on June 28, 2015. This is all it *could* do, as Reena's parents chose to seek only one-half of the principal sum, or $75,000, plus interest in their complaint. In the absence of any explicit determination of this issue in the civil judgment, the family court still had reserved jurisdiction to decide whether the civil judgment was community in nature.

We similarly reject Reena's argument that her parents "effectively accomplished" the judicial division of the $150,000 obligation by filing a civil complaint. She provides no support for her assertion that the filing of a civil lawsuit can subvert the family court's reservation of jurisdiction. It was not for Reena's parents to decide what constitutes a community or separate obligation. That power was held by the family court alone in this case, and we conclude that it properly characterized the civil judgment as a community obligation.

14

D. *The Family Court Appropriately Exercised Its Discretion in Granting Brian's Request for Reimbursement*

Reena also contends that the family court erred in granting Brian's request for reimbursement because it is contrary to fundamental principles of California community property law. According to Reena, the result of the family court's order is an unequal division of the parties' community property without justification, which cannot stand under Family Code section 2550, and the order requiring reimbursement of one-half of Brian's attorneys' fees incurred in the civil case should also be reversed because there was no benefit to the community. We are not persuaded.

As an initial matter, we disagree with Reena's claim that the family court and civil court both "confirmed" that one-half of the $150,000 promissory note was assigned to Brian as his separate property obligation. Rather, the family court concluded that "*the loan owed to* [*Reena*]*'s parents* evidenced by a promissory note in the amount of $150,000, which was resolved via the Civil Case, *is a community obligation*." (Italics added.) The family court also explained at the end of the hearing on Brian's request for reimbursement that it "found persuasive the analysis in [Brian's] memorandum of points and authorities regarding the debt owed by the community, that was resolved in the civil case. Because it is community property, then the community is responsible for half. And so each side bears half, responsibility for half of that amount." The court thus properly divided the civil judgment (and corresponding attorneys' fees), which it determined to be a community obligation, equally between Brian and Reena. Because Brian had already satisfied the entire judgment with his separate property funds, he was entitled to reimbursement out of the community property. (*Oliverez*, *supra*, 33 Cal.App.5th at p. 302, fn. 1.)

15

Reena's argument that because the $150,000 note constituted a community obligation, the $75,000 (plus interest) civil judgment necessarily represents Brian's separate property obligation, rests on a flawed premise— that the remaining amount originally owed on the promissory note also constitutes a legally enforceable obligation, and one that has been "assigned" to Reena. To the contrary, the civil judgment represents the *entire* community obligation as it pertains to the promissory note after the conclusion of the civil case. The family court agreed with Brian, as do we, that Reena's parents have no legal claim at this point for the remainder of the promissory note, as any such claim would be barred by the statute of limitations and the doctrine of res judicata.[3] Reena's parents made a strategic decision to sue only Brian and to seek only one-half of the total amount due to them under the promissory note. While their choice may be understandable given that the alternative was to sue their daughter, the result is that there is no legally enforceable obligation to Reena's parents on the promissory note outside of the civil judgment, which Brian has already satisfied in full.

Although Reena claims to have made a separate agreement with her parents to make payments related to the promissory note, any such agreement or debt is not a community obligation. In any event, the family court concluded Reena's evidence regarding these payments was not credible, stating that it found "unpersuasive the position that she continued to pay on the promissory note." Based on the family court's fact findings, then, the only payments that have been made on the loan were those made by Brian. The

---

[3]   The family court adopted the analysis of the memorandum of points and authorities Brian submitted in support of his request for reimbursement, "finding the analysis persuasive."

16

court thus rejected the only evidence supporting Reena's equitable argument on appeal that Brian's request for reimbursement should have been denied because it will result in the assignment of three-quarters of the community obligation to Reena and thus unfairly benefit Brian. (See *Epstein*, *supra*, 24 Cal.3d at p. 84 [reimbursement not appropriate where the " 'payment was made under circumstances in which it would have been unreasonable to expect reimbursement' "].)

We cannot say the family court abused its discretion in reaching this conclusion. Substantial evidence supports it: Reena presented no written agreement with her parents regarding her payments to them outside of the note, and her father testified in the civil case that one did not exist; her testimony regarding the details of their verbal agreement conflicted with that of her father; and the documents purporting to show Reena's payments to her father lacked basic, necessary information, such as the source and recipient of the funds. "Drawing every inference in favor of the trial court's decision as we are required to do," we agree with Brian that there was sufficient basis for the family court to order reimbursement. (See *Oliverez*, *supra*, 33 Cal.App.5th at p. 313.) And, as in *Oliverez*, the result of the family court's ruling is that the only legally enforceable debt—the civil judgment—"is being divided equally between the parties, as required by [Family Code] section 2550." (*Ibid*.)

We also disagree with Reena's contention that the family court erred in granting the request for reimbursement of one-half of Brian's attorneys' fees incurred in the civil case because there was no benefit to the community. Her argument—that Brian cannot be reimbursed for funds he spent defending his separate property obligation—is based on the premise that the civil judgment was not a community obligation, which we have already rejected. We

therefore conclude that the trial court did not abuse its discretion when it ordered Reena to reimburse Brian for one-half of the judgment and one-half of his attorneys' fees.

E. *Brian Was Not Required to Join Reena to the Civil Case*

Finally, although Reena argues that Brian should be estopped from seeking reimbursement based on his failure to join her in the civil case, she admits that the rule she cites in support of her argument is permissive. We first note that Reena did not present this argument to the family court, so we may reject it as forfeited. (See *City of San Diego v. D.R. Horton* (2005) 126 Cal.App.4th 668, 685 [contentions or theories raised for the first time on appeal are not entitled to consideration].) Even considering the argument on its merits, we agree with Brian that he was not required to join Reena to the civil case. The family court had expressly reserved jurisdiction to determine the community nature of any obligation resulting from the civil case, so there was no need for Reena to be party to the civil case.

## DISPOSITION

The order is affirmed. Brian is entitled to recover his costs on appeal.

BUCHANAN, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.

18